STEPHEN A. BROWNELL & others vs. RAILROAD COMMIS-
SIONERS.

Suffolk.    January 18, 1895. — March 2, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Statute requiring Railroad Corporation to operate Ferry — Order of Railroad
Commissioners — Certiorari.*

A statute required a railroad corporation to operate a ferry between a city and a
town named, and provided that the corporation should "forfeit to the Com-
monwealth one hundred dollars a day for each day's delay in operating such
ferry" after a day named, "or after the expiration of such further time as the
railroad commissioners may upon hearing prescribe," and that this court should
have jurisdiction in equity, upon a petition of ten or more citizens of the city
or town named, to enforce the provisions of the statute. The railroad corpora-
tion failed to comply with the statute, and a petition in equity was filed as
therein provided. Two months after the time limited in the statute, the cor-
poration requested the railroad commissioners, after a hearing, to "prescribe
such further time for delay in operating" the ferry as might appear to the com-
missioners to be reasonable. The commissioners thereupon, after a hearing,
passed an order, naming a day six months later than that named in the statute
"as the day after which, instead of after the" other day, the corporation should
"forfeit to the Commonwealth one hundred dollars a day for each day's delay
in operating" the ferry, "with leave to the petitioner to apply for further post-
ponement of time." *Held*, upon a petition by ten citizens of the city and town
named for a writ of certiorari to quash the order, that the statute was intended
to give the railroad commissioners power to grant further time to the corpora-
tion on a petition filed after the day named in the statute; that the order of the
commissioners was to be construed, not as relating solely to forfeitures, but as
granting delay in operating the ferry for all purposes up to the extended day
named, and, so construed, it was within the authority intended to be given to
the commissioners; and that the petition for certiorari must be dismissed with-
out prejudice to the other proceedings.

PETITION, filed November 2, 1894, by ten citizens of New
Bedford and three citizens of Fairhaven, for a writ of certiorari
to the board of railroad commissioners.

The petition alleged that on May 15, 1894, chapter 392 of
the Acts of that year* went into effect, requiring the Old Colony

---

* This statute, which was passed on May 15, 1894, and entitled "An Act
requiring the Old Colony Railroad Company to operate a ferry across the
Acushnet River between the city of New Bedford and the town of Fairhaven,"
is as follows:

"Section 1. The Old Colony Railroad Company is hereby required to pro-

Railroad Company, a corporation, to provide and operate a ferry across the Acushnet River between New Bedford and Fairhaven on and after August 1, 1894, and with a forfeiture of one hundred dollars a day for each day's non-performance after August 1; that that period elapsed without any effort or intent of the railroad corporation to obey the statute; that on August 18 the petitioners filed a bill in equity in this court, in the county of Bristol, for the enforcement of the statute and the forfeitures prescribed therein; that due service was made in the equity suit upon the railroad company, which, on September 24, 1894, filed its answer therein, not alleging any intent or effort to obey the statute, but denying its validity; that on October 1, 1894, the Attorney General answered in said suit, confirming the correctness of the petitioners' allegations therein, and in behalf of the Commonwealth claimed against the railroad company the forfeitures accrued and accruing under the provisions of the statute; that on October 1, 1894, the railroad company had been in default, and had disobeyed the statute for the period of sixty-one days, and had incurred the penalty of $6,100 therefor, and on that day the corporation filed a petition to the board of railroad commissioners, requesting that " after hearing you will prescribe such further time for delay in operating a ferry between New Bedford and Fairhaven, under chapter 392 of the

---

vide and operate a suitable ferry between some point in the city of New Bedford at or near the easterly termination of School Street and some point in Fairhaven at or near the southerly termination of Water Street, in accordance with the provisions of chapter one hundred and eight of the Acts of the year eighteen hundred and thirty-two and chapter one hundred and twenty-four of the Acts of the year eighteen hundred and fifty-four.

" Section 2. Said company shall forfeit to the Commonwealth one hundred dollars a day for each day's delay in operating such ferry after the first day of August in the year eighteen hundred and ninety-four, or after the expiration of such further time as the railroad commissioners may upon hearing prescribe, and the Supreme Judicial Court shall have jurisdiction in equity upon a petition of ten or more citizens of the city of New Bedford, or of the town of Fairhaven, to enforce the provisions of this act.

" Section 3. Said company is hereby authorized to collect and receive such toll for the transportation of persons, animals, vehicles, articles or freight as shall be approved by the board of railroad commissioners, but such toll shall not exceed the sum of five cents for transportation one way across said river for any one person.

" Section 4. This act shall take effect upon its passage."

acts of the year 1894, as may appear to you to be reasonable"; that that petition came on to be heard before the railroad commissioners on October 15, 1894, and no evidence was offered in support of it, and no assertion of any diligence or effort to obey the statute was made, and the only ground upon which it was pressed was that the railroad company might be enabled to litigate the validity of the statute ; and that the present petitioners opposed the request, but on October 29, 1894, the railroad commissioners passed the following order:

" Ordered, that, under and pursuant to the provisions of section 2 of the act aforesaid, the first day of February, 1895, be prescribed as the day after which, instead of after the first day of August, 1894, the said Old Colony Railroad Co. shall forfeit to the Commonwealth one hundred dollars a day for each day's delay in operating a ferry across the Acushnet River between the city of New Bedford and the town of Fairhaven, as provided in said act; with leave to the petitioner to apply for further postponement of time, and with leave to any ten or more citizens of said city or town to apply for a vacation of this order, for respective cause shown, and after notice and hearing on such application."

The petition further alleged that the above order was invalid; that the existence of the order obscured and confused the remedies of the statute in respect of the corporation's disobedience and default, prejudiced the methods of relief vested in these petitioners in their pending equity suit, and clouded the right of the Commonwealth ; and that the order ought not to stand, for various reasons assigned.

The prayer of the petition was that a writ of certiorari might issue, commanding the board of railroad commissioners to return to this court a full, true, and perfect record of their proceedings in the premises ; and that the same might be quashed.

The return and answer of the respondents, after reciting the petition of the railroad company and the order of notice issued thereon, and that there was a hearing, after public notice, on October 15, 1894, counsel appearing for the petitioner and for the city of New Bedford and other remonstrants, contained the following statements :

" The statute is mandatory in its terms, and bears the evi-

dence on its face, if the fact did not otherwise appear, that its framers had reason to believe that the railroad company did not, and without an appeal to the courts probably would not, concede the power of the Legislature to impose upon it the duty or service in question. . . .

" Two remedies were thus provided, a forfeiture of $100 for each day's delay in operating the ferry after a day named, with a discretionary power in the board to postpone the time when the forfeiture should begin to run; and a right to invoke the aid of the Supreme Judicial Court, by petition of any ten citizens of New Bedford or Fairhaven, to compel a compliance with the terms of the act. The latter was obviously the more direct and effective remedy in case it were desired as speedily as possible to ascertain the binding force of the statute, and at the same time to secure the establishment of the ferry, if found to be obligatory upon the company; and this remedy was promptly availed of. . . .

" Under these circumstances, the railroad company asks for a suspension of the forfeiture prescribed in the act. The grounds of the request are, in substance, that all the questions touching the obligation of the company to establish and maintain the ferry are in issue in the pending suit; that it has a just and constitutional right to have these questions judicially determined; and that it ought not, while in the due exercise of this right, and pending such determination to be amenable to an onerous and cumulative penalty as for a default in duty and a contempt of law. . . .

" It is evident that the General Court contemplated the probable occurrence of conditions under which it would be reasonable and proper to suspend the running of the forfeiture. Otherwise, express provision for such suspension would not have been made. The contingencies which were had in mind are not specified in the act. It is the duty of the board to discover as nearly as may be what the intent of the Legislature was, and to be guided by it in the exercise of the discretion to which appeal is now made.

" Two remedies were prescribed in the act, and express provision was made for the suspension of one of them. Why was this done? The suggestion that the forfeiture was meant to be

suspended only in case of some accident or other miscarriage of such nature as to make it physically impossible to comply with the terms of the act, is not an adequate answer, because, in that view alone, both remedies should have been suspended. The more satisfactory solution appears to be, that, among other contingencies, it was distinctly foreseen and recognized that, in case the remedy by compulsory suit in equity were pursued, it not only would be superfluous, but might be oppressive, to enforce at the same time the forfeiture. This was the condition the most likely to arise under the statute; and, as it seems to the board, it must have been one, and perhaps the most cogent, of the contemplated reasons or occasions for the suspension of the forfeiture.

"By the prescription of two remedies, — the most stringent known to the law, but unlike in their character and appropriate use, — it was doubtless intended to provide for every phase which the subject matter was likely to assume. The one remedy was designed and adapted to supplement the other. In case the obligation to provide and operate the ferry were not called in legal question by the railroad company, or had been established beyond question by judicial decree, the heavy forfeiture prescribed, accumulating at the rate of $36,500 a year, was deemed a suitable penalty for a wilful neglect or contumacious refusal to obey the legislative or judicial mandate. If, on the other hand, the legal obligation of the company were strenuously denied, and resort were had to the court to settle and enforce by summary procedure the rights and duties of the parties under the statute, — as there was good reason to expect would be, and as has been, the case, — it cannot be justly supposed that there was any purpose to deprive the respondents of a full and fair opportunity to be heard, or to subject it to an accruing penalty, as for an established and current offence, while seeking by constitutional methods and in due course of law to ascertain whether or not an offence exists. If there were otherwise room for doubt, a fair interpretation of the language of the statute disproves such intention.

"It is therefore deemed to be in harmony with the just purpose of the Legislature, and within the scope of the discretion given to the board, to postpone the running of the forfeiture for

a period which, as now appears, may be sufficient for the determination of the pending suit; giving the parties leave to apply respectively for further postponement, if hereafter shown to be necessary and proper, or for a vacation of the order now granted, if there should appear to be obstruction or undue delay on the part of the respondents in the prosecution of the suit."

Then followed the order which was sought to be quashed.

Hearing before *Morton*, J., who, at the request of the parties, reported the case for the consideration of the full court; such order to be made as law and justice might require.

*T. M. Stetson & L. Le B. Holmes*, for the petitioners.

*J. H. Benton, Jr.*, for the Railroad Commissioners.

FIELD, C. J.   Without considering the various technical objections made to the maintenance of this petition, and assuming for the purposes of the case in favor of the petitioners that St. 1894, c. 392, is constitutional, we deem it proper to express our opinion upon what may be called the merits of the case.   There is nothing in this statute which limits the authority of the railroad commissioners in the matter of granting further time to the railroad company for beginning the operation of the ferry to proceedings begun before August 1, 1894, or which requires the order of the railroad commissioners granting further time to be made before August 1, 1894, and we are of opinion that the statute was intended to give to the railroad commissioners power to grant further time on a petition filed after August 1, 1894. The order actually passed by the railroad commissioners is dated October 29, 1894; it was passed on a petition of the Old Colony Railroad Company, filed September 29, 1894, and is as follows: " Ordered, that, under and pursuant to the provisions of section 2 of the act aforesaid, the first day of February, 1895, be prescribed as the day after which, instead of after the first day of August, 1894, the said Old Colony Railroad Company shall forfeit to the Commonwealth one hundred dollars a day for each day's delay in operating a ferry across the Acushnet River between the city of New Bedford and the town of Fairhaven, as provided in said act; with leave to the petitioner to apply for further postponement of time, and with leave to any ten or more citizens of said city or town to apply for a vacation of this order,

for respective cause shown, and after notice and hearing on such application."

On examining the whole return of the railroad commissioners, there is some reason to believe that they thought that they could grant further time, so far as concerns the incurring of forfeitures, without granting further time so far as concerns the enforcement in equity of the specific duty of operating the ferry, and that they intended to grant further time to the railroad company only so far as concerns the incurring of forfeitures, in order that the company might try without the risk of incurring forfeitures the constitutionality of the statute in the petition in equity referred to in the report, which had been brought to enforce the provisions of the act. That petition was filed on August 18, 1894, and is still pending. We are of opinion that the statute was not intended to authorize the railroad commissioners to make any such discrimination. The intention was that the railroad commissioners might grant further time for delay in operating the ferry, if they thought that, after a hearing, it should be granted, but further time, if granted, must be granted for all the purposes of the statute, and the grant would operate to excuse the railroad company from operating the ferry within the time granted, whether a suit should be brought for the recovery of forfeitures or for the specific enforcement of the other provisions of the act. But whatever may have been the reasons why the railroad commissioners passed the order in the form they did, the order must be construed according to its terms when taken in connection with the petition on which it was made and with the subject matter. The petition of the Old Colony Railroad Company requested the railroad commissioners, after a hearing, to " prescribe such further time for delay in operating a ferry between New Bedford and Fairhaven, under chapter 392 of the Acts of the year 1894, as may appear to you [the Railroad Commissioners] to be reasonable." The order, therefore, must be construed either to relate solely to forfeitures, in which case it would be altogether unwarranted, or to grant delay in operating the ferry for all purposes up to February 1, 1895. We are inclined to give to it the latter construction, and so construed we think that it was within the authority intended to be given to the railroad commissioners. The present case

was heard by the full court on January 18, 1895, and it was apparent then that a decision could not be had before February 1, 1895, when the time limited in the order expired, unless there should be a "further postponement of time." We have no knowledge that the time has been further extended, or that there has been any application for that purpose. The Old Colony Railroad Company is not, strictly speaking, a party to this proceeding, and the Commonwealth is not, unless the petitioners be considered as representing the Commonwealth. We therefore express no opinion upon the constitutionality of the statute, or whether forfeitures can be recovered by a petition in equity brought by ten or more citizens of the city of New Bedford or of the town of Fairhaven. As the order was made on a petition filed after the petition in equity was brought, and as the time limited in the order has expired, we see no reason why these questions cannot be determined in the petition in equity.

The present petition must be dismissed, without prejudice to the other proceedings.                                         *So ordered.*